423 P.2d 896

In the Matter of the Application of John O.
JOHNSON For a Writ of Habeas Corpus.

John O. JOHNSON, Petitioner,

v.

The STATE of Arizona ex rel. Frank A.
EYMAN, Warden, Arizona State
Prison, Respondent.

2 CA–HC 56–2.

Court of Appeals of Arizona.

Feb. 17, 1967.

John O. Johnson, Florence, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for respondent.

PER CURIAM.

This is an original proceeding initiated in this court whereby the petitioner seeks a writ of habeas corpus. His claim of illegal detention is predicated upon his conclusion that he has served his sentence. We have previously entertained a petition for a writ of habeas corpus filed by this petitioner which was disposed of by written opinion. Johnson v. State ex rel. Eyman, 4 Ariz.App. 336, 420 P.2d 298 (1966). Were this application based upon identical grounds, it would be subject to summary dismissal. See Applications of Oppenheimer, 95 Ariz. 292, 299, 389 P.2d 696 (1964), cert. den. 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964).

Petitioner, however, has very carefully pointed out that he is not challenging the validity of his sentence on the same grounds which we have already considered and decided adversely to him. Instead, he has conjured up a new ground for attacking the trial court's jurisdiction, namely, that the court was without jurisdiction to sentence him to imprisonment for more than one day.

The petitioner pleaded guilty to the crime of issuing a check on insufficient funds, a felony. On January 27, 1961, he was adjudged guilty of same, but the court suspended imposition of sentence for a period of five years upon specific terms and conditions. Subsequently, on January 26,

1966, because of petitioner's failure to comply with such conditions, the court revoked the probation and pronounced judgment and imposed a sentence· of not less than three nor more than five years to commence from the date on which petitioner's presence in court for resentencing could be procured pursuant to a warrant for his arrest issued that date. (Previous warrants had been issued with no success.)

Petitioner now contends that since the trial court's jurisdiction to sentence him terminated after January 26, 1966 (the final day of the five-year period), and since he is entitled to be credited with the "time served on probation" (five years less one day), the trial court had jurisdiction to sentence him to serve only one day of imprisonment. Therefore, claims he, his sentence has been fulfilled. He cites the case of State ex rel. Wetzel v. Ellsworth, 143 Mont. 54, 387 P.2d 442 (1963) in support of his position that he should be given credit for the period he was at liberty. Suffice it to say that the case is not in point, since the facts of the *Ellsworth* case as well as the applicable statutes differ. The issue resolved by the Montana court was whether a sentence of confinement for a term of years, the *execution* of which was suspended, commences to run on the date the judgment of conviction is entered. This question was answered in the affirmative and the petitioner's release was ordered.

 Petitioner Johnson, however, was never sentenced prior to January 26, 1966, because *imposition* of sentence rather than *execution* of sentence had been suspended, as in the Montana case. At any time prior to the expiration of the five-year period, the trial court had jurisdiction to revoke the suspension and pronounce sentence. A.R.S. § 13-1657; In re Johnson, 53 Ariz. 161, 87 P.2d 107 (1939). Rule 327, Rules of Criminal Procedure, 17 A.R.S. defines sentence:

"The term sentence * * * means the pronouncement by the court of the penalty imposed * * *."

When the sentence is imprisonment, the term fixed by the sentence commences to run *only* upon actual delivery of a defendant at the place of imprisonment or from the time fixed by the sentencing court. A.R.S. § 13-1652.

Since the petitioner was not in fact sentenced until January 26, 1966, there is no merit to his claim that he is entitled to credit for "time served" on a "sentence of probation." For the reasons herein expressed, the request for a writ of habeas corpus is denied.