475 P.2d 758

**The STATE of Arizona, Appellee,**

**v.**

**Leonard Lester McFORD, Appellant.**

**No. 1 CA–CR 253.**

Court of Appeals of Arizona, Division 1.

Oct. 26, 1970.

Rehearing Denied Dec 3, 1970.

Review Denied Jan. 19, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Judge.

Information was filed against appellant, Leonard Lester McFord, charging assault with a deadly weapon and to an amended information charging aggravated assault. The appellant plead guilty, and on March 3, 1967, imposition of sentence was suspended for a period of five years and appellant placed on probation. On September 15, 1969, probation was revoked and appellant was sentenced to the Arizona State Prison for a term of not less than four nor more than five years.

Appellant appeals from the conviction, revocation of probation, and the sentence imposed. The specific points raised in this appeal are:

(1) Validity of the guilty plea.

(2) Error in revoking probation.

(3) Right to a speedy trial.

(4) Failure to give credit for time spent on probation.

Appellant was hospitalized in the Arizona State Hospital by court order dated February 28, 1969. In the order committing him to the hospital, the court continued the probation imposed and placed an additional condition that the appellant comply with all the conditions, terms, rules and regulations of the State Hospital in effect then and in the future.

Appellant, while a patient in the State Hospital, effected an escape, and while an escapee, armed himself with a gun. He also attempted suicide on several occasions,

once in the State Hospital and once while he was an escapee from there.

A hearing to revoke probation was held on September 15, 1969. This apparently was a hearing both to revoke probation and to inquire into the mental status of the appellant. At the conclusion of this hearing, probation was revoked and sentence imposed.

■■ Addressing ourselves to the first question raised, we hold that the plea of guilty was validly, knowingly and intelligently made. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) had not then been handed down and is not retroactive. Even if it were, appellant was represented by counsel, and a plea bargain bringing about the amendment to the information was made. Furthermore, appellant was questioned as to voluntariness, promises regarding leniency, and his understanding that the amended charge could be treated as a felony.

■ Appellant was in fact granted probation, which was entered upon, and to now attack the entry of the plea he must show prejudice. State v. Gaines, 6 Ariz.App. 561, 435 P.2d 68 (1967). He must also move to withdraw this plea and set aside the judgment to relieve the State of the "bargain". State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969).

■ The court held a full and complete hearing on the revocation of probation on September 15, 1969. Witnesses were examined, including appellant, and the transcript fully supports the trial court's revocation of probation. Dr. Baker testified as follows:

\* \* \* \* \* \*

"Q. Doctor, as a result of your examinations, do you have an opinion as to Mr. McFord's mental condition?

A. Yes, I do.

Q. And what is that opinion, sir?

A. My opinion, as far as his mental condition, is first, that he does not suffer from a mental illness re-

quiring hospitalization in a mental institution; secondly, that he is fully aware of the legal charges against him, is able to assist counsel in his defense, and is competent mentally to partake in any trial proceedings and is responsible for any previous acts.

Q. Doctor, you would not recommend hospitalization for Mr. McFord for any mental treatment at this time, is that correct?

A. I would not."

\* \* \* \* \* \*

Dr. Cleary then testified:

"Q. As a result of your examinations of Mr. McFord, doctor, do you have an opinion as to his mental condition?

A. Yes, sir. My summary is that he suffers from a personality disorder, but he doesn't have a mental illness and does not require commitment to a mental institution.

I felt he would be able to assist in any legal proceedings he was involved in."

\* \* \* \* \* \*

Defendant testified as follows:

\* \* \* \* \* \*

"Q. I see. So you knew what you were doing when you pointed this gun at your belly also, is that right?

A. Yes, sir. I had it angled up towards the heart, which is up higher.

Q. And you knew what you were doing when you broke the light in the hospital and tried to cut yourself. Is that what I understand?

A. Yes, sir.

Q. And you know what you are doing today, is that correct?

A. Yes, sir."

\* \* \* \* \* \*

"THE COURT: It's the finding of the Court then that you have breached and broken the conditions of probation.

Jt is a further finding and order of the Court that the probation be revoked * * you just haven't abided by the provisions of the probation. You have apparently antagonized everybody at the State Hospital. You have escaped and armed yourself. You have attempted to commit suicide. You have done nothing to cooperate and assist in their supposed treatment of you. And it's their testimony that you shouldn't be allowed to be free on the streets. And I don't plan to let you out on the streets then."

Appellant argues that there was no specific violation of the terms of his probation and no specific violation of A.R.S. § 13–1657. However, in view of the court's statement, quoted above, and in view of the provisions of A.R.S. § 13–917, as amended, and § 13–919 we hold that there was no abuse of discretion by the trial judge. After consideration of the facts and circumstances, the trial court legally revoked probation.

A person charged with crime cannot enter a plea of guilty, receive probation, be on probation for a period of two and one-half years, and upon the event of revocation of that probation claim as error that he did not receive a speedy trial. The case of Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), relied upon by appellant, in no way is in point with the case before us.

The last claim of error is that appellant was not given credit for that time elapsed while on probation, and, in effect, that amounts to double jeopardy in violation of the Constitution of the United States and of this State. Cases cited by the appellant are not in point with the facts in the case under consideration here. They involve situations where a defendant was charged with other counts or where there was a reversal after time had been served or spent on probation. This court has previously held that time on probation does not entitle a person to credit on a sentence imposed after the revocation of probation for the same offense. In re Application of Johnson v. State of Arizona, 5 Ariz. App. 125, 423 P.2d 896 (1967).

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.