488 P.2d 681

**STATE of Arizona, Appellee,**

v.

**Bruce TRITLE, Appellant.**

**No. I CA–CR 366.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 21, 1971.

Rehearing Denied Oct. 20, 1971.

Review Denied Nov. 23, 1971.

Ross P. Lee, Public Defender of Maricopa County by James H. Kemper, Deputy Public Defender, for appellant.

Gary K. Nelson, Atty. Gen. by Albert M. Coury, Asst. Atty. Gen., for appellee.

STEVENS, Presiding Judge.

The appellant, Bruce Tritle, herein referred to as the defendant, entered a plea of guilty to the offense of burglary in the second degree, an offense with a permissible maximum sentence of five years. A. R.S. § 13–302, subsec. B. On 24 April 1969 he was adjudged guilty, the imposition of sentence was suspended for two years, and he was placed on probation on conditions, one of which was that he conduct himself as a law-abiding citizen. At the time his plea of guilty was accepted by the trial court he was informed, among other

matters, that he could "be sentenced up to five years." On 24 April 1969, before he was placed on probation, he was informed that a violation of probation would bring the maximum sentence.

During the period of probation he was charged with another burglary in the second degree which was alleged to have occurred on 20 July 1970. An information was filed in Maricopa County criminal cause number 63938 charging this offense and on 15 October 1970 he entered a plea of guilty thereto.

Based upon this admission of a violation of probation, his probation was revoked and he was sentenced to the Arizona State Prison for not less than four years and not more than five years, to date from 24 July 1970. This appeal followed.

■ The defendant raises only the following questions for our consideration: (1) Was the trial court judge required to credit him with the time he was on probation and to deduct that time from the term of sentence imposed? and (2) Does the failure to do so violate the appellant's right not to be placed twice in jeopardy for the same offense? Under the facts of this case, the inseparability of these questions requires that they be answered as one.

The defendant bases his appeal on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and the companion case of Simpson v. Rice. Our Supreme Court in commenting upon the Pearce holding has noted that:

"* * * the United States Supreme Court held that *punishment already exacted for an offense must be fully credited in imposing sentence upon a new conviction for the same offense.*" State v. Johnson, 105 Ariz. 21, 22, 458 P.2d 955, 956 (1969). (Emphasis Theirs).

In a subsequent case our Supreme Court stated:

"This Court has followed North Carolina v. Pearce, supra; State v. Johnson, 105 Ariz. 21, 458 P.2d 955. However, these cases pertain solely to time served under a prior conviction, and do not involve the question of credit for time served in jail prior to a conviction and sentence." State v. Kennedy, 106 Ariz. 190, 192, 472 P.2d 59, 61 (1970).

In Kennedy, the Court went on to recommend that time which was served in jail prior to conviction should be taken into consideration by the trial court in the passing of sentence.

With regard to the specific issue in the case at bar, i. e., whether the "punishment" of probation should be credited to the defendant when he is sentenced on revocation of probation, as is urged by the defendant, the following language is pertinent:

" 'Punishment is a consequence of crime, to be sure, but in a legal view, it is the immediate consequences of only a conviction of crime. Hence, any pain or penalty which the offender has suffered before conviction *and before sentence* has been pronounced upon him is illegal, or is due to some demand of the law other than that based upon his conviction. *In either case, it fails to enure to his benefit as part of that due punishment which the law exacts, by reason of his conviction and of the sentence passed upon him.'* " (Emphasis supplied). 106 Ariz. at 192–193, 472 P.2d at 61–62; quoted with approval from People ex rel Stokes v. Warden of State Prison, 66 N.Y. 342, 345 (1876).

■ From the language above and the holding of the Court in Kennedy, it is reasonable to conclude that the Supreme Court of this State would not view time spent on probation as "punishment" to be considered as a "credit for time served" when a defendant's probation is revoked and he is subsequently sentenced.

More specifically in point is In re Application of Johnson, 5 Ariz.App. 125, 423 P.2d 896 (1967), in which the Court held that where a habeas corpus petitioner had received a suspension of the imposition of sentence for a period of five years upon specified terms and conditions, the defendant was not in fact thereby sentenced and was not entitled, after violating conditions

of probation and being sentenced, to credit for "time served" on probation against the sentence imposed. Accord, State v. McFord, 13 Ariz.App. 273, 475 P.2d 758 (1970).

The defendant supports his position with regard to the "punishment" aspects of a period of probation by citing Cooper v. United States, 91 F.2d 195 (5th Cir. 1937), and the language therein to the effect that probation is an authorized mode of mild and ambulatory punishment. While the defendant's quote (not here set forth) from the above case is textually correct, it is our opinion that the manner of its use is not reflective of either the holding of the Cooper case or of more recent holdings which are in disagreement with his argument. Sentencing on revocation of probation does not place the defendant in double jeopardy and the time on probation is not counted as a portion of the term imposed when probation is revoked. Thomas v. United States, 327 F.2d 795 (10th Cir. 1964) (Citing cases). "These cases (with regard to time spent on probation) in our opinion state the correct rule." 327 F.2d at 797.

We answer both questions in the negative.

The sentence is affirmed.

CASE and DONOFRIO, JJ., concur.