507 P.2d 135

**STATE of Arizona, Appellee,**

v.

**Elgin BENTON, Appellant.**

**No. 1 CA–CR 473.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 15, 1973.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, for Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The sole question presented in this appeal is whether or not a trial judge at sentencing is required to credit a defendant with time served on probation.

The defendant, Elgin Benton, entered a plea of not guilty to the initial charge of first degree burglary. Pursuant to an apparent plea bargain he later entered a plea of guilty to the crime of accessory after the fact, in violation of A.R.S. §§ 13–141 and 13–143.

On July 15, 1971 the court suspended the imposition of sentence and placed him on probation for two years from that date. He was later convicted on a robbery charge that took place eighteen days after his release on probation. After a proper hearing his probation was later revoked and he was sentenced to serve two years in the county jail on the accessory charge.

The defendant appeals this sentence and alleges he should be given credit for the two months and seven days he spent on probation prior to his incarceration for the two year maximum sentence he received after his probation was revoked on the accessory charge. It is defendant's contention that a failure to credit him with time served on probation places him in double jeopardy in violation of the Fifth Amendment to the United States Constitution. Defendant relies on the companion cases of North Carolina v. Pearce and Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). These cases are not in point for they pertain solely to time served under a prior conviction for the same offense and do not involve time served in jail or on probation prior to sentence.

It should be noted that the defendant in this case wants this court to credit his sentence with all time spent on probation, including the day used by the defendant to commit his most recent crime of robbery. We refuse to order such a credit. Our pertinent statutes on sentencing read as follows:

"C. Upon the revocation and termination of the probation, the court may, if the sentence has been suspended, pronounce sentence at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced, but if the sentence has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the sentence shall be in full force and effect, and the person

shall be delivered to the proper officer to serve the sentence." A.R.S. § 13–1657, subsec. C

"The term of imprisonment fixed by the sentence commences to run only upon the actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins. If thereafter, during such term, the defendant by legal means is temporarily released from the imprisonment and subsequently returned thereto, the time during which he was at large shall not be computed as part of the term." A.R.S. § 13–1652

In reading our statutes it is clear that sentence is not in fact imposed until after probation is revoked and the time cannot run before sentence is commenced. It is the imposition of the sentence rather than the execution of the sentence that is suspended.

The Arizona Supreme Court has said that, although a court should take into consideration all time served in jail prior to sentence, it is not a matter of right but discretionary with the trial court as to whether credit is to be given for time spent in jail prior to imposition of sentence. State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970). See also State v. Makal, 106 Ariz. 591, 480 P.2d 347 (1971).

The appellate courts of this State have repeatedly held that time spent on probation need not be credited on a sentence imposed after a revocation of probation for the same offense. State v. Sanchez, 19 Ariz.App. 253, 506 P.2d 644 (1973); State v. Phillips, 16 Ariz.App. 174, 492 P.2d 423 (1972); State v. McFord, 13 Ariz.App. 273, 475 P.2d 758 (1970); In re Application of Johnson v. State of Arizona, 5 Ariz.App. 125, 423 P.2d 896 (1967).

In our opinion the trial court did not abuse its discretion in not crediting the defendant for time spent on probation. As required by A.R.S. § 13–1715, we have examined the record for fundamental error and find none.

The sentence of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.