518 P.2d 107

**STATE of Arizona, Appellee,**

v.

**Marion Marquis ROBBINS, Appellant.**

**No. 2603.**

Supreme Court of Arizona,
In Banc.
Jan. 24, 1974.

Gary K. Nelson, Atty. Gen. by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Jim D. Smith, Yuma, for appellant.

STRUCKMEYER, Justice.

This is a criminal appeal in which Marion Marquis Robbins was charged with the offense of possession of dangerous drugs with intent to sell, in violation of A.R.S. § 32–1970(C). Defendant pled guilty and the court suspended the imposition of sentence, placing him on probation for five years. As one of the conditions of probation, defendant was required to spend a period of eleven months in the Yuma County Jail. *See* A.R.S. § 13–1657(A). Later, the court, having determined that defendant had violated the conditions of his probation by selling both heroin and cocaine, sentenced him to the state prison for a period of not less than six nor more than fifteen years from the date he was taken into custody for the violation of probation.

On this appeal, the defendant presents two questions, neither of which merits extended discussion. First, defendant urges that he was entitled to credit upon his state prison sentence for the time he served in the Yuma County Jail.

We do not doubt, as defendant argues, that imprisonment in the county jail is punishment, but under the statute, A.R.S. § 32–1996(C), Added Laws, 1970, the court could have imposed any term of punishment in the state prison from one year to life. State v. Lewis, 109 Ariz. 466, 512 P.2d 9 (1973). The sentencing judge could not have been other than aware that defendant had spent time in the county jail as a condition of probation, and he could have imposed a minimum term of greater than six years. As we said in State v. Kennedy, 106 Ariz. 190, 194, 472 P.2d 59, 63 (1970):

> "There is a presumption that the trial court took into consideration all factors, including the time served in the county jail prior to the date of sentencing."

Second, defendant urges that the Superior Court was not justified in imposing such a severe sentence upon defendant because of his probation violation. As to this, we think it is well within the court's discretion.

The court was authorized to provide for a sentence suitable to the circumstances of the case. A.R.S. § 13–1657(C) provides:

> "Upon the revocation and termination of the probation, the court may, if the sentence has been suspended, pronounce sentence at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced, * * *."

Defendant argues that a sentence given pursuant to the foregoing statute must be for the original offense and not for probation violation. We can, however, find nothing in the record which indicates that the sentencing judge imposed this sentence for other than the offense for which defendant initially received probation, bearing in mind that defendant failed to avail himself of the opportunity to reform by engaging in serious subsequent criminal activities.

Defendant argues that the judge should have given weight to such things as the fact that defendant was nineteen years of age and that he had no previous criminal record. Here, again, we presume that the sentencing judge was well aware of these facts and took them into consideration in imposing the sentence of six to fifteen years.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.