Darnell TAYLOR,

v.

Ramon L. GRAY.

No. 73–C–520.

United States District Court,
E. D. Wisconsin.

March 20, 1974.

Order for Judgment April 30, 1974.

Stuart E. Schmitz, Atty., Corrections Legal Services Program, Milwaukee, Wis. (Attorney for Petitioner on the Darnell Taylor case), for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER

TEHAN, District Judge.

This petition for issuance of the writ of habeas corpus challenging the denial of credit for preconviction and postconviction imprisonment against a maximum sentence imposed on conviction for theft is before the court on the pleadings, the state court record and briefs of counsel.

The record shows the following material facts: Petitioner was arrested on November 5, 1970, and detained in custody at the Milwaukee County Jail. Bail was set at $7,500.00 with sureties. On November 20, 1970, bail was reduced to $5000.00 with sureties, but petitioner was financially unable to post the bail at any time between his arrest and trial.

On December 16, 1970, petitioner was convicted of theft, party to a crime, in violation of §§ 943.20(1)(a) and 939.05,

Wis.Stats., and the case was adjourned to December 17, 1970 for disposition as to sentencing, when the court ordered a presentence investigation. On January 13, 1971, the court imposed a sentence of an indeterminaté term of not more than five years, the maximum penalty permitted by statute for the offense involving theft in the amount of $285.00.

Posttrial motions filed by counsel on petitioner's behalf were denied on January 15, 1971, and petitioner was delivered to the Wisconsin State Prison to commence service of his sentence. He remained in detention at the County Jail from the date of his conviction until delivery to the State Prison. Although he did not apply for postconviction bail, it is undisputed that he did not have the financial ability to post bond at least in the amount set before conviction.

Petitioner has not presented the claim of the instant petition to the courts of the State of Wisconsin. He submits that exhaustion of state remedies would be futile because the same justices presently constituting the Wisconsin Supreme Court have already determined that the crediting of pretrial detention time against a sentence imposed on conviction is not constitutionally required. See State v. Tew, 54 Wis.2d 361, 195 N.W.2d 615 (1972). Since respondent has not taken issue with this position, the court deems it appropriate to consider the merits of the claim.

Respondent analyzes the county jail detention time for which credit is sought as falling within three different categories: (1) preconviction detention of 41 days from date of arrest on November 5, 1970 to date of trial on December 16, 1970; (2) postconviction presentence period of 28 days from date of conviction on December 16, 1970 to date of sentence on January 13, 1971; and (3) postsentence predelivery period from January 13, 1971, to time of delivery to the State Prison on January 16, 1971. A total number of 72 days is involved.

■ Respondent concedes without agreeing to the validity of the decision that this court's holding in Robert J. Monsour v. Ramon L. Gray, Warden, D. C., 375 F.Supp. 786, decided April 17, 1973, requires that petitioner be credited with respect to the first period of preconviction detention resulting from his financial inability to meet the bond set in his case. Since *Monsour* was concerned only with credit for preconviction custodial time attributable solely to the indigency of the preconviction detainee held to constitute a denial of the equal protection of the law, it is contended that the decision does not govern the question of credit for the two postconviction periods of time spent by petitioner in the County Jail. It is submitted that in view of petitioner's failure to request bail following conviction, there can be no showing of invidious discrimination as to any "dead" time, that is, detention following conviction not credited against the sentence, since this custody is not attributable to petitioner's indigency.

Further, respondent maintains that credit for postsentence predelivery time of 3 days is barred by the provisions of § 973.15(1), Wis.Stats. which expressly exclude from computation as any part of the term of imprisonment any time a defendant may spend in the County Jail or on bail following imposition of sentence.

Particular objection is raised to the allowance of credit for the 28 day period of postconviction presentence custodial detention, not necessarily occasioned by petitioner's indigency but by the court's failure to set postconviction bail and the ordering of the presentence investigation and report. Respondent reasons that there can be no violation of constitutional rights in not crediting this time against the sentence because the setting of postconviction bail is discretionary with the court rather than mandatory as in the case of preconviction bond. Thus there could be no denial of the equal protection of the law by discrimination based on financial inability to meet bond. Further, in view of the discre-

tionary nature of the grant of postconviction bail and the statutory provisions for ordering a presentence report under § 972.15, Wis.Stats. and for exclusion of County Jail time following sentence under § 973.15, Wis.Stats., respondent maintains that petitioner must be deemed to have had notice that his conviction of theft could subject him to imprisonment in excess of the statutory maximum penalty for the offense with which he was charged. Accordingly, denial of credit for the postconviction detention would not constitute a denial of due process.

■ At the outset it is noted that the deprivation of liberty by detention in the County Jail whether as a preconviction detainee or postconviction prisoner awaiting sentence or delivery to prison constitutes punishment. This view is basic to the holding that there is a violation of the equal protection clause in case the detention is occasioned by the prisoner's indigency. Thus petitioner must be deemed to have been subjected to a form of punishment of incarceration from the date of his arrest until delivery to the State Prison.

It may be arguable that petitioner's postconviction custody, as was his preconviction detention, was attributable to his indigency. In view of his financial inability to meet preconviction bond, a request for postconviction bail or the court's sua sponte consideration of bond may be considered as undertaking a futile act. Since there was no determination that petitioner was not in fact bailable for reasons other than indigency, the discretionary nature of postconviction bail would not bar assertion of a claim of denial of the equal protection of the law.

■ The determination whether or not there was a denial of equal protection with respect to the postconviction imprisonment is, however, in my opinion, not necessary to resolution of the claim. Unlike the petitioner in *Monsour*, who received a relatively light sentence in view of the penalties to which

his conviction exposed him, petitioner in the instant case was sentenced to the maximum penalty provided by statute for the offense he committed. This furnishes a basis independent of the equal protection clause for the determination whether or not the failure to credit him with any part of the predelivery to prison custody was in violation of his constitutional rights since the Fifth Amendment guarantee against double jeopardy includes protection against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ The concept of multiple punishments has been extended to comprehend any imprisonment in excess of the statutory penalty for the offense of which a defendant was convicted. In *Pearce* it involved time served on a prior, vacated conviction. In Wilson v. State of North Carolina, 438 F.2d 284 (4th Cir. 1971) it was applied to the period of time a prisoner was confined while he appealed a life sentence, contrary to a statutory provision that the sentence would only begin to run after all appeal remedies were exhausted and denying any credit in the case of a person serving a life term. See also Cole v. State of North Carolina, 419 F.2d 127 (4th Cir. 1969).

Similarly, in Culp v. Bounds, 325 F. Supp. 416 (S.D.N.C.1971) and Parker v. Bounds, 329 F.Supp. 1400 (E.D.N.C. 1971) the right to credit for preconviction detention against a maximum sentence imposed on conviction was based on the protection against multiple punishments proscribed in *Pearce,* as well as on the right to the equal protection of the law. Other courts refusing to apply *Pearce* have done so because under the particular sentencing schemes involved, the sentence imposed on conviction could not be construed as the maximum statutory penalty. See for example, White v. Gilligan, 351 F.Supp. 1012 (S.D.Ohio 1973) and Meadows v. Coiner, 352 F. Supp. 383 (N.D.W.Va.1973), involving sentences providing for service of a minimum and maximum time. It is not-

ed that respondent has cited no contrary authority.

■ Since petitioner's custody in the County Jail must be considered punishment incidental to his conviction, the total period of time of 72 days, added to the maximum term of five years imposed on conviction has subjected petitioner to multiple punishments for one offense in excess of the maximum statutory penalty, in violation of the guarantee against double jeopardy of the Fifth Amendment and the due process clause of the Fourteenth Amendment of the Constitution of the United States. Application of the statutes relied on by respondent that would bar credit for any predelivery to prison detention against the penalty imposed on conviction is unconstitutional in the case of a defendant such as petitioner who was sentenced to the maximum term.

Petitioner also seeks credit for any good time he would have earned had the predelivery to prison County Jail time been served in the State Prison as part of his sentence. A similar claim was considered in the *Monsour* case. As in *Monsour,* respondent has not shown that the denial of good time credit has a rational basis in a legitimate state interest, as for example, the rehabilitation of the prisoner that might warrant rejection of his claim. See McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).

■ Section 53.11, Wis.Stats., providing for credit for good conduct and forfeiture for bad in cases of prison inmates, bases the right to earn good conduct time on good behavior and performance of all duties required of the inmate. In sum, good time credit is conditioned on good behavior. Any failure to record petitioner's course of conduct in the County Jail to show that his behavior was other than good is not attributable to him. Accordingly, petitioner is entitled to the amount of good time credit he would have earned if the period of time of County Jail detention were, as it must be counted as service of the five

year term of imprisonment imposed on conviction.

Counsel for petitioner is hereby ordered to prepare an order granting the relief requested in the petition in accordance with the foregoing opinion and specifying the exact number of days to be credited against petitioner's sentence, submitting the same to counsel for respondent for approval as to form only.

## ORDER FOR JUDGMENT

The order for judgment prepared by counsel for petitioner and approved as to form only by counsel for respondent, includes a provision for credit for industrial good time earned in the pre-delivery to prison detention in the County Jail. Although this claim of the petition was not expressly rejected, the Opinion does not provide that the credit be allowed. Section 53.12, Wis. Stats. "Credit for diligence; earnings; reward of merit" cannot be applied to County Jail imprisonment since it has not been shown that there are opportunities for the inmate to engage in the activities of labor and study to evaluate diligence, entitling him to diminution of time. Accordingly, the provision allowing for industrial good time credit is deleted from the order for judgment, and the following order is hereby entered:

The court having entered an Opinion and Order in this action on March 20, 1974, and having concluded that petitioner Darnell Taylor is entitled to have his indeterminate five (5) year sentence credited with the pre-conviction and post-conviction time spent in custody in the Milwaukee County Jail is well as any good time for said period, in accordance with said Opinion and Order,

It is hereby ordered that respondent Ramon L. Gray in his capacity as Warden of the Wisconsin State Prison, Sangor B. Powers in his capacity as Administrator, Wisconsin Division of Corrections, and Wilbur J. Schmidt in his capacity as Secretary, Wisconsin Department of Health and Social Services, credit the sentence of petitioner Darnell Taylor with seventy-two (72) days of time served on his indeterminate sentence of five (5) years, as of the day of receipt at the Wisconsin State Prison, the commencement date of said sentence. Accordingly, under the terms of this Order, January 16, 1971, the day of receipt at the Wisconsin State Prison, shall be considered as the seventy-third (73rd) day of his five (5) year indeterminate term. Accordingly, the originally established mandatory discharge date under said sentence, January 16, 1976, is ordered changed to November 6, 1975.

It is further ordered that the mandatory release date (based upon good time credit pursuant to Wis.Stats. § 53.11) originally established as October 16, 1974, is ordered changed to August 5, 1974, to reflect credit for said seventy-two (72) days, subject to further modification to reflect any good time lost pursuant to § 53.11 after petitioner's receipt at the Wisconsin State Prison.