549 P.2d 222

STATE of Arizona, Appellee,

v.

Virginia Marie PENA, Appellant.

No. I CA–CR I I79.

Court of Appeals of Arizona, Division 1, Department B.

May 6, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Cohen, Gerst, Groseclose & Meissner by Michael J. Cohen, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

On November 16, 1972 the appellant, Virginia Marie Pena, pled guilty to forgery in violation of A.R.S. § 13–421 (Supp.1975). The imposition of sentence was suspended and on December 15, 1972 she was placed on probation for a period of 5 years. After a hearing held on January 30, 1975, the trial court found that the appellant had violated certain terms of the conditions of her probation as alleged in the petition to revoke probation filed November 1, 1974. Thereafter, on February 7, 1975 the appellant's probation was revoked and she was sentenced to 4 to 6 years imprisonment in the Arizona State Prison. From the revocation of her probation and sentence she has brought this current appeal.

On two prior occasions, first in August 1973 and again in October, 1973 the appellant admitted to having violated certain terms of her probation which are not relevant to the determination of this appeal. In both instances, her probation was reinstated. However, after the October 16, 1973 admission the terms of her probation were supplemented with a further condition that she be incarcerated in the Maricopa County jail for a period of one year.

On appeal, the appellant argues the single issue that she was twice placed in jeopardy in violation of Article 2, § 10 of the Arizona constitution and A.R.S. § 13–145 (1956). Appellant's double jeopardy claim is based on the argument that she was punished twice for the same crime: First, when she was required to spend one year in the county jail as a condition of her probation and second, when she was sentenced to 4 to 6 years at the Arizona State Prison for violation of her probation. The only case cited in support of appellant's argument is *Kepner v. United States*, 195 U. S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904). However, this case is not helpful to appellant in that it deals solely with whether the double jeopardy clause of the United States Constitution applied to the Philippine Islands after they had been obtained by cession from Spain in 1898.

Appellant's argument ignores the holdings of this court in *State v. Witt*, 19 Ariz.App. 440, 508 P.2d 105 (1973), *State v. Benton*, 19 Ariz.App. 333, 507 P.2d 135 (1973), *State v. Tritle*, 15 Ariz.App. 325, 488 P.2d 681 (1971) and cases cited therein that a defendant is not placed in double jeopardy when he is given probation and probation is later revoked. We recognize that these cases involve "street time" probation, but we do not believe that this distinction leads to a different legal conclusion. Although appellant Pena was required to spend one year in the county jail, this incarceration was merely a condition of her probation authorized by A.R.S. § 13–1657 (Supp.1975). Thus, the rationale of these cases applies equally to "street time" probation and incarceration as a term of probation. It is only where probationary incarceration plus the sentence imposed after revocation exceeds the statutory maximum that the possible applicability of the double jeopardy clause is even considered. cf. *State v. Robbins*, 110 Ariz. 284, 518 P.2d 107 (1974). Here the statutory maximum penalty permitted under A. R.S. § 13–421(B) as amended 1966 is 14 years. Appellant's maximum 6 year sentence plus the 1 year incarceration in the county jail did not exceed the maximum permitted by law. As such, there has been

**444**

no violation of the double jeopardy clause. *See* also *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976).

The appellant's revocation and sentence are affirmed.

SCHROEDER and WREN, JJ., concur.