ALBERT WESLEY FARRIS, JR. v. COMMONWEALTH OF VIRGINIA.

October 14, 1968.

Record No. 6786.

Present, All the Justices.

*Bernard J. Natkin* for plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General, on brief)*, for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Albert Wesley Farris, Jr., defendant, was indicted for rape of his seven-year-old daughter, Vicki Lynn Farris, on November 14, 1961. Farris being without funds to employ counsel of his own choosing, the trial court appointed two attorneys to represent him. Defendant pleaded not guilty on the ground of insanity. A jury found him guilty as charged in the indictment, fixed his punishment at confinement in the State penitentiary for life, and he was sentenced accordingly on February 12, 1963. We entertained defendant's delayed petition for an appeal and granted him a writ of error to the judgment.

Defendant assigns several errors, but we think that the crucial and controlling question presented is: Whether the trial court erred in

allowing an expert medical witness to testify on cross-examination as to what the defendant's conduct might be in the future.

The evidence shows that Vicki Lynn Farris was raped on November 14, 1961, and there was testimony from which the jury could conclude that the defendant committed the offense.

Dr. John G. Novak, a psychiatrist called as a witness for the defendant, testified that at the time of the alleged criminal act defendant was suffering from acute brain syndrome, alcoholic intoxication with amnesia; that it was highly probable that he had done some things that he had no recollection of doing; and that, as a consequence, it it was highly probable that he did not know the difference between right and wrong at the time the offense was committed.

On cross-examination, the attorney for the Commonwealth asked Dr. Novak the following questions:

"Q. Now, Dr. Novak, I believe you have diagnosed his mental condition as being acute brain syndrome with amnesia. Would you describe or identify it as a mental disease of transient nature?

"A. Yes, sir.

"Q. What does the word transient mean?

"A. It's self-limiting in a sense. It begins, progresses, and then stops. It can be repeated and can recur.

"Q. It can recur?

"A. It can recur, yes.

"Q. If this man were released to society, and if he became intoxicated again, would he be a potential danger as a sex—?"

Defendant's counsel objected to the question and the trial court, without expressly ruling on the objection, said to the attorney for the Commonwealth, "I believe you might ask him if he might return to the same condition that he has testified that he feels that he was in at the time of the alleged offense. Let's put it that way." Objection was again made on the ground that what defendant might do in the future was not a proper subject of inquiry.

The trial court, noting defendant's exception, and having suggested the language of a re-phrased question, allowed Dr. Novak to be asked:

"* * * in the event that the defendant, Albert Wesley Farris, Jr., would, on some subsequent date in the future, indulge in the use of alcohol to the extent that you were advised he did on No-

vember 14, 1961, would his condition then be the same as you state his condition to be on November 14, 1961?

"A. I believe this man is ill. I believe that my diagnosis is a manifestation of his illness, his underlying illness. And, under the circumstances, I believe the same thing could possibly recur."

Evidence of other acts of an accused, whether criminal or not, both before and after the act for which the accused stands criminally charged, are admissible into evidence when the accused has pleaded not guilty by reason of insanity if such prior and subsequent acts are relevant to his mental state at the time the crime was committed. See, 2 Wigmore on Evidence, 3d ed., 1940, §§ 227, 228, pp. 8, 9; 29 Am. Jur. 2d, Evidence, § 353, pp. 402, 403, and the cases there collected. Cf., *Nugent* v. *Nugent*, 156 Va. 753, 757-760, 159 S. E. 185, 186, 187 (1931). But the facts admitted in evidence should be restricted to those which have a tendency to show the mental condition of the accused at the time of commission of the act charged, as that is the ultimate fact to be proved under a plea of insanity. *State* v. *Nickens*, 403 S.W. 2d 582, 585 (Mo. 1966).

In *State* v. *Nickens, supra*, the State's psychiatrist was permitted to testify that, "If unrestrained, further anti-social acts by this man will undoubtedly recur in the same way as in the past." In reversing the conviction of first degree murder, the court agreed with defendant's contention that the testimony was "wholly irrelevant and immaterial to any issue of the case, was highly inflammatory, and was calculated to induce the jury to assess defendant's punishment at death through fear rather than reason" (403 S.W. 2d at 585); and held that evidence as to defendant's future conduct "is highly prejudicial to defendant's right to be tried only for the offense with which he is now charged" (403 S.W. 2d at 587).

It is true that in the present case the trial court directed the Commonwealth's attorney to re-phrase the question, "If this man were released to society and he became intoxicated again, would he be a potential danger as a sex—," but the re-phrased question related to what the defendant's future condition and conduct might be if he indulged in the consumption of alcohol to the extent he had on the day of the offense charged. Dr. Novak's answer to the question indicated that he interpreted it as a reference to defendant's future conduct, when he said that he believed the "same thing" could possibly recur. Thus the jury could have reasonably inferred from the question and answer

that the same act for which defendant stood charged could possibly happen again if he be found not guilty on the ground of insanity.

When evidence introduced is not of a subsequent act but of a possible future act, it does not shed any material light on an accused's mental state at the time of the offense charged. It can only have relation to the possibility or even probability that an accused will in the future commit a criminal act or will be a danger to society, and such evidence tends to destroy by fear the recognized defense of not guilty by reason of insanity.

Evidence of what defendant's future conduct might be could only serve to divert the attention of the jurors from the real issue in the case: namely, was the defendant relieved of criminal responsibility because of insanity at the time the offense was committed. Such evidence was irrelevant and immaterial to the issue of the case and highly prejudicial to the defendant's right to be tried only on the offense charged.

For the reasons stated, the judgment is reversed and set aside and the case remanded for a new trial.

*Reversed and remanded.*