455 P.2d 450

**The STATE of Arizona, Appellee,**

v.

**James John MAKAL, Appellant.**
**No. 1766.**

Supreme Court of Arizona.

In Banc.

June 12, 1969.

after he unsuccessfully attempted suicide. Defendant was tried and convicted for the three homicides, the jury rejecting his defense of not guilty by reason of insanity. Judgment and sentence of death was duly imposed.

Defendant Makal after his arrest and prior to the trial was twice committed to the State Hospital following Rule 250 hearings, Rules of Criminal Procedure, 17 A.R.S., at which the court found that defendant by reason of mental disorder was unable to assist counsel in the defense of the case.

At the trial, over timely objection the prosecution was permitted to ask the following questions of an expert medical witness to which the following answers were given:

"Q. If he were in fact sent to the state hospital, the state hospital at any time within their discretion could release him; is that not correct?

"A. That's right.

"Q. And in your experience you have seen cases where persons have been found not guilty by reason of insanity and have been back on the streets soon thereafter; haven't you?

"A. That's right."

The court's admission of the testimony of the state's expert witness was obvious error. The only real issue to be decided by the jury was whether Makal was sane at the time of the commission of the offenses. The disposition of an insane defendant by society is determined by the laws of the state as enacted by the Legislature. With that disposition the jury has neither concern nor responsibility.

"When evidence introduced is not of a subsequent act but of a possible future act, it does not shed any material light on an accused's mental state at the time of the offense charged. It can only have relation to the possibility or even probability that an accused will in the future commit a criminal act or will be a danger to society, and such evidence tends

Gary K. Nelson, Atty. Gen., by Robert H. Schlosser and Carl Waag, Asst. Attys. Gen., Phoenix, Darrell F. Smith, Former Atty. Gen., Phoenix, for appellee.

George B. Morse and Paul G. Rees, Jr., Tucson, for appellant.

STRUCKMEYER, Justice.

On the evening of May 24, 1964, in the City of Tucson, Arizona, James John Makal, defendant herein, strangled his wife and then in sequence his two minor children of the ages of nine and eight. There-

to destroy by fear the recognized defense of not guilty by reason of insanity." Farris v. Commonwealth, 209 Va. 305, 163 S.E.2d 575 at 577.

The principal thrust of the prosecution's argument to the jury in both opening and closing was that Makal was dangerous to other people and could be released and that he should be found guilty without regard to the issue of insanity. For example, the state concluded its closing argument with these statements:

" * * * He is essentially dangerous to other people; he is very dangerous to himself. We can't afford—society can't afford to have Mr. Makal take the life of any other innocent victims. Society can't afford that.

"Those that have consciences can't afford that, ladies and gentlemen. Don't arrive at a verdict which will give Mr. Makal the opportunity to kill again."

Every jurisdiction which has passed upon a similar argument has held that it is erroneous misconduct on the part of the prosecuting attorney, Durham v. United States, 99 U.S.App.D.C. 132, 237 F.2d 760; Wise v. State, 251 Ala. 660, 38 So.2d 553; Dunn v. State, 277 Ala. 39, 166 So.2d 878; People v. Sorenson, 231 Cal. App.2d 88, 41 Cal.Rptr. 657; People v. Castro, 182 Cal.App.2d 255, 5 Cal.Rptr. 906; People v. Johnson, 178 Cal.App.2d 360, 3 Cal.Rptr. 28; Williams v. State, (Fla.), 68 So.2d 583; State v. Nickens, (Mo.), 403 S.W.2d 582; State v. Johnson, (Mo.), 267 S.W.2d 642; Kiernan v. State, 80 Tex. Cr.R. 303, 190 S.W. 165; cf. State v. Jordan, 80 Ariz. 193, 294 P.2d 677. There are some decisions which while recognizing the rule have affirmed convictions where either the trial court took prompt action to eradicate the effect of the argument i. e. Bachelor v. State, 216 Ala. 356, 113 So. 67, or found that the argument was harmless because of the overwhelming proof of the sanity of the defendant i. e. State v. McDonald, 184 S.C. 290, 192 S.E. 365; Mott v. State, 94 Okl.Cr. 145, 232 P.2d 166. But here by any standard the proof is nearly overwhelming that Makal was insane at the time of the commission of the homicides.

Defendant argues in this court that the admission of certain gruesome photographs of Makal's wife and children taken by the police after the homicides was highly prejudicial. We agree. Photographs may be material to establish the cause or manner of death or may have other probative value and may be admitted or excluded within the trial court's sound discretion. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397; State v. Sherrick, 98 Ariz. 46, 402 P.2d 1; State v. Barker, 94 Ariz. 383, 385 P.2d 516. Where as here there was substantially no controversy concerning the commission of the offenses, there was no significant reason for their admission into evidence. The photographs were highly inflammatory, without any particular saving purpose, and could only have tended to prejudice the defendant in the minds of the jurors. We note that no objection was made at the trial, but since a retrial is required a word of caution is appropriate.

It is urged that the trial court erred in giving the usual and customary instruction on the presumption of sanity. The instruction was a correct exposition of the law when taken with the trial court's further instruction that the state had the burden of proof on the issue of defendant's sanity.

Defendant urges that this court overrule the M'Naghten test for criminal insanity. We have repeatedly rejected defendant's position. State v. Schantz, 98 Ariz. 200, 403 P.2d 521; State v. Intogna, 101 Ariz. 275, 419 P.2d 59; State v. Cano, 103 Ariz. 37, 436 P.2d 586. Other asserted errors advanced as grounds for reversal are either without substantial merit or are such as will not likely be repeated on retrial.

Judgment reversed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.