480 P.2d 347

**STATE of Arizona, Appellee,**

**v.**

**James John MAKAL, Appellant.**

**No. 2106.**

Supreme Court of Arizona,
In Banc.

Feb. 5, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

W. Edward Morgan, Tucson, for appellant.

UDALL, Justice:

Defendant James John Makal plead guilty to one count of first-degree murder and was sentenced to life imprisonment. He appeals from the conviction and sentence.

On the evening of May 24, 1964, defendant Makal killed his wife and his two children, ages eight and nine, by strangling them. He then killed the family dog and unsuccessfully attempted to commit suicide by cutting his wrists and throat and swallowing ant poison and furniture polish.

After defendant's arrest and before his trial, defendant was twice committed to the State Hospital as the result of hearings held under Rule 250, Rules of Criminal Procedure, 17 A.R.S., at which the court found that defendant by reason of mental disorder was unable to assist counsel in the defense of the case.

Defendant was ultimately found to be mentally competent to stand trial and was tried on three counts of homicide. As a defense he claimed to be not guilty by reason of insanity. The jury found him guilty on each of the three counts and recommended the death penalty. Judgment and sentence of death were duly imposed.

Defendant appealed the conviction and sentence to this Court. We reversed and remanded for a new trial, 104 Ariz. 476, 455 P.2d 450 (1969), because of reversible error committed at the trial.

Prior to the date set for the new trial, the trial court held a Rule 250 hearing. Based on the testimony of the two doctors who had examined the defendant, the trial court ruled that defendant Makal was able to understand the proceedings against him and was able to assist in his own defense. Several days thereafter but before the date set for trial, defendant entered into a plea bargain wherein the charge was dropped from three counts of first-degree murder to one count of first-degree murder. Defendant plead guilty and was sentenced to life imprisonment.

The arguments made by defendant on appeal can be summarized as follows:

1. *Void Guilty Plea.* Defendant's guilty plea and sentence are void, as the defendant was insane at the time of the commission of the offense and was also incompetent to plead guilty.

**2. Credit for Time Served.** Defendant should be given credit against his present sentence for time already served in the county jail, the state prison, and the state hospital.

## I. VOID GUILTY PLEA

Defendant contends that his guilty plea was void because this Court, in reversing his earlier jury conviction, allegedly had found him to be insane at the time of the commission of the homicides. As the basis for this contention, defendant refers to the comment by this Court that:

"But here by any standard the proof is nearly overwhelming that Makal was insane at the time of the commission of the homicides." 104 Ariz. 476 at 478, 455 P.2d 450 at 452.

This comment has been used out of context by defendant; when placed in its true context the meaning it conveys is not that which defendant wishes to attach to it. The true context can perhaps best be shown by referring to the portion of the opinion from which the above quotation was extracted. In that opinion, our basis for reversing the conviction related to undesirable conduct by the prosecuting attorney in his opening and closing arguments to the jury and in his questioning of one of the expert medical witnesses. The trust of these arguments and questions was that defendant Makal was dangerous to other people and could eventually be released if committed to a mental institution, and that he should therefore be found guilty without regard to the issue of insanity. As we stated in the opinion, this conduct by the prosecution constituted reversible error, as the only real issue to be decided by the jury was whether Makal was sane at the time of the commission of the offense. As we further pointed out, the disposition of an insane defendant by society is determined by the laws of the state as enacted by the legislature; with that disposition the jury has neither concern nor responsibility.

With reference to the questions asked and arguments made by the prosecutor, we stated that:

"Every jurisdiction which has passed upon a similar argument has held that it is erroneous misconduct on the part of the prosecuting attorney. [Citing cases.] *There are some decisions which while recognizing the rule have affirmed convictions where either the trial court took prompt action to eradicate the effect of the argument*, i. e. Bachelor v. State, 216 Ala. 356, 113 So. 67, *or found that the argument was harmless because of the overwhelming proof of the sanity of the defendant* i. e. State v. McDonald, 184 S.C. 290, 192 S.E. 365; Mott v. State, 94 Okl.Cr. 145, 232 P.2d 166. *But here by any standard the proof is nearly overwhelming that Makal was insane at the time of the commission of the homicides.*" [Emphasis added.] 104 Ariz. 476 at 478, 455 P.2d 450 at 452.

Taken in its proper context, then, we see that the comment regarding Makal's sanity was intended only as an observation as to the weight of the evidence presented at the trial and not as a finding of fact. In other words, the evidence presented at the trial was such that there was a reasonable probability that the jury might have found Makal to be insane had it not been for the questions asked and arguments made by the prosecutor regarding the danger to society if Makal were found not guilty. Hence, we were of the opinion that the prosecutor's conduct constituted reversible error and accordingly ordered a new trial.

From the above, it is clear that the observation by this Court as to defendant's sanity was not a finding of fact; rather, it was merely an observation as to the weight of the testimony given at trial as to defendant's sanity. As such, it was not binding on the court or jury in any subsequent proceeding.

The next argument made by counsel for the defendant regarding insanity is that defendant Makal was incompetent to enter into a plea bargain and that the

judgment and sentence resulting therefrom are void.

As we stated earlier in this opinion, prior to the date set for the new trial the trial court held a Rule 250 hearing and found that Makal was able to understand the proceedings against him and was able to assist in his own defense. Several days later, the defendant entered a plea of guilty to one count of first degree murder and was thereafter sentenced to life imprisonment. Makal could have chosen to be retried before a jury on three counts of murder, but decided instead to plead guilty to the lesser charge. The trial judge who received the guilty plea was careful and thorough in her questioning of the defendant in order to determine that his guilty plea was entered into knowingly and voluntarily. We find no merit in the argument by defendant's counsel that defendant was incompetent to plead guilty. The trial court was eminently correct in accepting the guilty plea.

## II. CREDIT FOR TIME SERVED

Defendant contends that he should be given credit against his present sentence for time already spent in jail, in prison, and in the state hospital.

On October 16, 1969, the trial court imposed a life sentence, with the sentence to begin on that date. Defendant requested the court to modify its order so the sentence would begin as of the date of arrest, some 5½ years earlier, as defendant had been in confinement in the county jail, the state prison, and the state hospital since that time. The trial judge denied this request by the defendant and stated that she had considered the previous confinement of the defendant in reaching her decision to set the date on which the life sentence was to begin as the date of sentencing rather than the date of arrest.

On appeal, defendant argues that this action by the trial court resulted in the imposition of punishment in excess of that allowed by statute, in violation of the double jeopardy clause of the Fifth Amend-ment. As authority for this proposition he cites Simpson v. Rice (sub. nom. North Carolina v. Pearce), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and State v. Johnson, 105 Ariz. 21, 458 P.2d 955 (1969).

These two cases set forth the requirement, under the double jeopardy clause, that punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense. As was stated in Simpson v. Rice, supra:

> "We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that *punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense.* If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—*by subtracting them from whatever new sentence is imposed.*" [Emphasis added.] 395 U.S. at 718–719, 89 S.Ct. at 2077, 23 L.Ed.2d at 665–666.

To illustrate the type of case in which the above holding would apply, the Supreme Court set up a hypothetical case involving the imposition of a maximum sentence after reconviction:

> "Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years' imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years' imprisonment." 395 U.S. at 718, 89 S.Ct. at 2077, 23 L.Ed.2d at 665.

It is apparent that the requirement set forth in Simpson v. Rice, supra, has no application in the present case, as defendant Makal was sentenced to life imprisonment.

It is obviously impossible to determine precisely how long the defendant will live, and there is, therefore, no term of years from which the time already served can be subtracted. Where a sentence of life imprisonment is involved, then, it is clearly impossible to impose punishment in excess of that allowed by statute.

We therefore conclude that defendant's contention that he was subjected to double jeopardy is of no merit.

As to the related question of whether the sentence was properly imposed: Under A.R.S. § 13–453, there are only two alternatives upon a conviction for first-degree murder—death or life imprisonment. This is true whether the conviction follows a jury trial or is the result of a plea bargain. If the conviction results from a jury trial, the *jury* must decide between death and life imprisonment; if from a guilty plea, the *court* must so decide. State v. Boggs, 103 Ariz. 328, 441 P.2d 778 (1968). In determining which punishment to impose, the trial court may consider circumstances in either mitigation or aggravation of punishment. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). In this case the trial court, after careful consideration of circumstances in mitigation of punishment, sentenced defendant Makal to life imprisonment rather than death.

Under A.R.S. § 13–1652, the term of the sentence commences to run on the date of actual delivery of defendant at the place of imprisonment, or from the time fixed. by the court at the time of the sentence. Rule 338, Rules of Criminal Procedure, provides that the sentence imposing imprisonment shall state the date at which the imprisonment is to begin. The setting of that date is within the sound discretion of the trial court. State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970). In the present case, the trial judge stated that she had considered the previous confinement of the defendant in reaching her decision to set the date on which the life sentence was to begin as the date of sentencing rather then the date of arrest some 5½ years before. We are of the opinion that the trial court was properly within its discretion in so acting.

From the above we have concluded that defendant's guilty plea was valid and his sentence was properly imposed.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.