572 P.2d 456

**STATE of Arizona, Appellee,**

v.

**Netta de MONTAIGU, Appellant.**

**No. 1 CA–CR 2255.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Wade Church, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge.

As a result of an automobile accident in which four persons were fatally injured, appellant Netta de Montaigu was convicted of four counts of manslaughter in the driving of a motor vehicle in violation of A.R.S. §§ 13–455, 13–456(A)(3)(a) and 13–457(C)(1). The sole issue on appeal is whether the trial judge had authority to designate the crime of vehicular man-slaughter as a felony. The controlling statute is A.R.S. § 13–457 which reads in pertinent part:

> C. Manslaughter in the driving of a vehicle is punishable as follows:
>
> 1. A violation of subdivision (a) of paragraph 3 of § 13–456 is punishable either by imprisonment in the county jail for not more than one year or in the state prison for not more than five years, and in such cases the jury may recommend by its verdict that the punishment shall be in the county jail. When such recommendation is made by the jury the court shall not have authority to sentence the defendant to imprisonment in the state prison but may, nevertheless, place the defendant on probation as provided by law.

The jury in this case made the following recommendation when it returned its verdicts:

> We, the jury, make the recommendation that the Maricopa County jail—probation be used.

At the time of sentencing, the trial judge issued the following order:

> IT IS THE JUDGMENT of the Court that the defendant is guilty of the crime of COUNTS I, II, III, and IV: MAN-SLAUGHTER in the driving of a motor vehicle, open end, now designated by the Court as a "felony" committed on 23 February 1975 in violation of ARS 13–455.
>
> As punishment of said crime, OR-DERED suspending imposition of sentence and placing defendant on probation for a period of FIVE YEARS commencing 9 September 1976, . . . with a condition of probation being incarceration in the Maricopa County Jail for a period of ONE YEAR on each count beginning 9 September 1976 and forthwith and to run concurrently.

Appellant claims that the jury's recommendation that punishment be "Maricopa County jail—probation" removed the trial court's discretion in sentencing and mandated misdemeanor sentencing. Thus, she con-

tends, the five year probationary term was excessive and in violation of A.R.S. § 13–1657. We agree with appellant that she was improperly sentenced and that the trial judge incorrectly designated the crime a felony.

In reaching this conclusion, we initially note that A.R.S. § 13–457 was originally adopted from a California statute and is still substantially the same as the language of that statute, Cal.Penal Code § 193 (Deering). It is the established rule in Arizona that the construction given by the California courts to such a statute, if reasonable, will be persuasive. *State v. Mackey*, 15 Ariz.App. 417, 489 P.2d 80 (1971); *In re Estate of Thelen*, 9 Ariz.App. 157, 450 P.2d 123 (1969).

In construing the California statute, a California Court of Appeal stated in *People v. Glass*, 266 Cal.App.2d 222, 71 Cal. Rptr. 858 (1968) that a verdict finding defendant guilty of the offense of vehicular manslaughter with gross negligence and recommending punishment by imprisonment in the county jail "would have found defendant guilty of a misdemeanor rather than a felony as the trial judge was required to accept the recommendation." *Id.* at 228, 71 Cal.Rptr. at 862. California and Arizona also have similar definitions of felonies and misdemeanors. *Cf.* A.R.S. § 13–103 and Cal.Penal Code § 17 (Deering). We are persuaded that the interpretation placed on the punishment section by the California court is correct and we, therefore, adopt it.

The State would characterize A.R.S. § 13–457 as making vehicular manslaughter an open-end offense. We agree that such is the case where the jury simply finds the defendant guilty and makes no further recommendation. Where the jury, as here, goes further and recommends the county jail term,[1] however, the crime ceases to be open-end and becomes a misdemeanor.

Since the sentencing order entered by the trial court is invalid, it is ordered that it be vacated and that the case be remanded to the trial court for resentencing, with appropriate credit being given to the appellant for time served in the county jail.

NELSON, P. J., and HAIRE, J., concur.

---

1. The jury here also recommended probation, but since that is outside the scope of the authority granted them by § 13–457 it is of no significance to our holding.