598 P.2d 113

The STATE of Arizona, Appellee,

v.

James Franklin GENTRY, Appellant.

No. 2 CA–CR 1586.

Court of Appeals of Arizona,
Division 2.

May 15, 1979.

Rehearing Denied June 14, 1979.

Review Denied July 10, 1979.

**136**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Paul T. Willis, Tucson, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted by a jury of two counts of vehicular manslaughter in violation of A.R.S. Sec. 13–456(3)(a). He received sentences of not less than four nor more than five years on each count, to run consecutively. He raises seven questions for review, none of which requires reversal.

On the night of June 16, 1977, appellant's vehicle ran a stop sign and collided with a taxi, killing a passenger and the driver. Two witnesses saw the accident from a couple of blocks away. When they got to the scene, they found appellant lying in the back of his Bronco, a four-wheel-drive-type wagon with no partition between the front seats and the rear area, and the door by the driver's seat was open. They did not see anyone besides appellant and the occupants of the taxi.

Appellant told police officers at the scene that someone named Mike, whom he had just met, was driving him home, and that he had been sleeping in the back of his Bronco. At the trial, appellant testified that he could not remember anything between drinking at a bar the evening of the accident and finding himself at a hospital later that night. He said that he had a recurring problem with blacking out while drinking heavily.

A.R.S. Sec. 13–457(C)(1) provides:

"A violation of subdivision (a) of paragraph 3 of § 13–456 is punishable either by imprisonment in the county jail for not more than one year or in the state prison for not more than five years, and in such cases the jury may recommend by its verdict that the punishment shall be in the county jail. When such recommendation is made by the jury the court shall

not have authority to sentence the defendant to imprisonment in the state prison but may, nevertheless, place the defendant on probation as provided by law."

State v. de Montaigu, 117 Ariz. 322, 572 P.2d 456 (App.1977), held that where the jury has recommended that the defendant be punished in the county jail, the offense ceases to be open-ended and becomes a misdemeanor.

The trial court instructed the jury:

"If you find that the defendant is guilty of manslaughter and that the act causing death was done with gross negligence, you may recommend by your verdict that the crime be treated as a misdemeanor or you may return a verdict without recommendation."

■■■ This instruction misstates the law. The jury may recommend that punishment shall be in the county jail, not that it be treated as a misdemeanor. Appellant in his brief suggests the potential prejudice from this misstatement. Because the trial court did not include any instruction explaining or defining the consequences of a misdemeanor recommendation, he contends the members of the jury may have mistakenly believed that by recommending treatment as a misdemeanor, appellant would not be significantly punished. However, counsel for appellant made no objection to this instruction at trial. A failure to object will waive appellate consideration of any error except fundamental error, that is, error that goes to the foundation of the case or that takes from the defendant a right essential to his defense. State v. Galbraith, 114 Ariz. 174, 559 P.2d 1089 (App.1976). The error here was not fundamental. The instruction as given still provided the jury the opportunity to recommend leniency. Appellant's defense here was that he was not driving and he never argued for leniency.

■■■ Appellant argues that the trial court erred in allowing a police officer to testify as an expert and give his opinion that appellant was driving. The question of whether a witness qualifies as an expert is within the trial court's discretion. State v. Mosley, 119 Ariz. 393, 581 P.2d 238 (1978). An expert "need not be a professional, but may be a lay person who has special knowledge superior to men in general through actual experience or careful study." State v. Macumber, 112 Ariz. 569, 570, 544 P.2d 1084, 1085 (1976).

■■■ Officer Crumm testified that he had investigated traffic accidents for 11 years, six years as a uniformed policeman, three as a hit and run accident investigator, and two as a fatal accident investigator. The court did not abuse its discretion in allowing him to testify as an expert. As an expert, it was proper for him to give the conclusions he drew from the circumstances of the accident, even though one of his conclusions was that appellant was driving, an ultimate issue for the jury's determination. Arizona Rules of Evidence, Rule 704.

Appellant argues that unnecessary, inflammatory photographs of the victims' bodies in the taxicab were erroneously admitted into evidence because he stipulated to the victims' identities and to the fact that they were dead.

■■■ The decision to admit or exclude photographs is within the trial court's discretion. State v. Makal, 104 Ariz. 476, 455 P.2d 450 (1969), cert. den. 404 U.S. 838, 92 S.Ct. 128, 30 L.Ed.2d 71.

"If the photographs have any bearing upon any issue in the case they may be received although they may also have a tendency to prejudice the jury against the person who committed the offense. The discretion of the trial court will not be disturbed on appeal unless it has been clearly abused." State v. Mohr, 106 Ariz. 402, 403, 476 P.2d 857, 858 (1970).

■■■ State's Exhibit No. 27 shows the exterior of the cab and, through the window, the body of the passenger. This photograph was used by the state's expert witness to show the point of impact and to illustrate the reasons for his conclusions about the vehicles' relative speeds. State's Exhibit No. 37 shows the front seat of the taxi, including the body of the driver. One

**138**

of the first officers at the scene of the accident described what he saw there, and Exhibit No. 37 was admitted to corroborate and explain his testimony. We cannot say that the trial court clearly abused its discretion in admitting these photographs.

■ Appellant claims that the trial court improperly refused to give his requested instruction on the effect of a blackout due to intoxication on the question of voluntariness. Since this was a general intent crime such an instruction would have been contrary to law. A.R.S. Sec. 13–132; *State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974).

■ Appellant argues, without a supporting theory or authority, that the trial court erred in allowing a witness to quote appellant's vulgar language at the hospital after the accident. According to the witness, appellant's use of vulgar language was a reason for his conclusion that appellant was drunk. The language was relevant for that purpose, and the trial court did not abuse its discretion in allowing the witness to quote it.

■ Appellant argues that the trial court erred in preventing his counsel from arguing what reasonable doubt is in her closing argument. The transcript shows that counsel did give a brief description of the standard of reasonable doubt, but that the trial court interrupted her when she began to misstate the law. Appellant concedes that the interrupted argument was erroneous, and cites no authority for his claim that it was error not to be able to continue. The instructions given by the trial court included an adequate one on reasonable doubt and counsel was allowed to argue the facts and whether they raised a reasonable doubt. We find no error in preventing counsel from misinforming the jury.

■ Finally, appellant argues that the sentence was excessive. It is within the statutory limits and is not so clearly excessive as to constitute an abuse of discretion.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.