636 P.2d 138

The STATE of Arizona, Appellee,

v.

Francis PASSARELLI, Appellant.

No. 2 CA–CR 2087.

Court of Appeals of Arizona, Division 2.

Sept. 16, 1981.

---

362

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Sevrin J. Huselid, Globe, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant Francis Passarelli was indicted for filing a fraudulent insurance claim, A.R.S. § 44–1220, convicted by a jury and sentenced to the maximum term. The charge arose from an accident in which appellant's rented truck ran off a curve in the Salt River Canyon, strewing the truck's cargo down the side of the hill.

Appellant requests a new trial based on the following alleged errors: (1) That a police investigator was not competent to testify as an expert regarding the condition of appellant's brakes or the cause of the accident; (2) that the front page of a rental agreement should have been excluded because the back page was not available and (3) that evidence that appellant's employer had filed insurance claims was prejudicial and irrelevant. Appellant also attacks the imposition of the maximum sentence.

Passarelli bought a large amount of brake liners from his employer, Vernon Young, for about $2,400. Although he was earning only $50 a week, he paid Young in cash, according to Young's testimony. Appellant's aim was to sell the brake liners in Albuquerque. He left Phoenix about 9 a. m.; the accident occurred the same night about 7:30. The prosecution attempted to show that appellant had driven back and forth looking for a spot to drive the truck off the road and then waited for nightfall to conceal his actions. Appellant's version was that his brakes overheated and would not work, so he tried to stop by driving into a guardrail. The truck missed the guard-

rail and went over the hill. Appellant jumped to safety, injuring himself.

■■■ Sgt. Henderson of the Highway Patrol, who was involved in the investigation, testified that he did not believe the brakes on the rental truck could have overheated or that the accident could have happened as appellant claimed it did. Appellant contends that Sgt. Henderson was not qualified as an expert to testify about these issues because he had no classroom training in accident reconstruction or the workings of brakes.

The competence of a witness to testify as an expert is largely within the trial court's discretion. A clear abuse of discretion must be proved to warrant reversal. *Englehart v. Jeep Corp.*, 122 Ariz. 256, 594 P.2d 510 (1979).

The standard on which the court bases its decision is 17A A.R.S., Rules of Evidence, rule 702:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

"The court . . . should not rely merely upon titles and labels but must thoroughly evaluate the competence of the proposed witness on the bases expressed in the rule." Cohen, Expert Witness Opinion Testimony Under the New Arizona Rules of Evidence, 1977 Arizona Bar Journal, 4, 6. In *Englehart*, the court quoted from VII Wigmore, Evidence, § 1923:

" '[T]he only true criterion is: on *this subject* can a jury receive from *this person* appreciable help? In other words, the test is a relative one, depending on the particular subject and the particular witness with reference to that subject, and is not fixed or limited to any class of persons acting professionally: . . . "The subjects to which this kind of evidence is applicable are not confined to classed and specified professions. It is applicable wherever peculiar skill and judgment, ap-

plied to a particular subject, are required to explain results or to trace them to their causes." [citation omitted]'" 122 Ariz. at 258–59, 594 P.2d at 512–13.

Thus in *Englehart*, a professor of metallurgy and physics was held qualified to reconstruct the cause of an automobile accident.

Sgt. Henderson's background qualified him to "render enlightened opinions," *Englehart v. Jeep Corp.*, supra. He had been with the Highway Patrol for 14 years. His primary duties were personally investigating and supervising the investigation of accidents. He had investigated more than 500 accidents. He had training in accident investigation at the academy, and had updated his training continually. He had worked with accident reconstructionists. In addition, he had worked on cars all his life and was, in fact, a certified mechanic who worked part time in that field. See also *State v. Gentry*, 123 Ariz. 135, 598 P.2d 113 (App.1979) (police officer with 11 years experience investigating traffic accidents was qualified to express an expert opinion about the circumstances of an accident).

■ The state offered into evidence a copy of the front page of the rental agreement and insurance contract between appellant and the truck rental company. The copy was supplied by the insurance adjuster, who received it from the rental company. Appellant believes the front page should have been excluded because of the absence of the back page.

17A A.R.S., Rules of Evidence, rule 106 states:

> "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

The advisory committee's note to federal rule 106 (which is the source for the Arizona rule) refers to the "rule of completeness" as expressed in McCormick's treatise on evidence. This rule requires only the introduction of relevant evidence. See Udall, Arizona Law of Evidence, § 11 at 21–22 (1960).

In the instant case, the front page of the contract was offered only to prove that appellant had rented the truck and bought insurance on the cargo. The missing back page contained the standardized, fine-print explanation of the agreements. It did not in itself have a legal effect necessary to the determination of the issue for which the front page was introduced, i. e., whether appellant rented the truck and obtained insurance.

As stated in VII Wigmore, supra, § 2105(b) at 635: "[F]or documents having in themselves a legal effect—such as deeds and contracts—all the material parts must be established by the testimony to contents. . . . Much will depend, to be sure, on the circumstances of each case, for certain parts of a document might alone be material in certain litigation and the remainder immaterial. Moreover, for writings not having in themselves a legal effect—such as letters involving admissions—less strictness ought to be observed." Appellant was given the original of the contract when he rented the truck. The "fairness" requirement of rule 106 therefore seems not to have been abused by the admission of the front page, since appellant could have introduced the entire contract himself.

■ Vernon Young, appellant's employer, was asked on cross examination about two insurance claims he had made for damaged brake shoes. There was no intimation that these claims were fraudulent. According to appellant, this testimony was irrelevant and prejudicial. He cites Arizona authority that prior bad acts are not admissible to prove a defendant acted in conformity with the previous conduct.

It is doubtful that 17A A.R.S., Rules of Evidence, rule 404(b) contemplates prior bad acts of someone other than the defendant, when the defendant is not shown to have been involved in the conduct. Moreover, the prior act here was not criminal or wrongful. See *State v. Binford*, 120 Ariz. 86, 584 P.2d 67 (App.1978).

The evidence was not elicited in the hope that the jury would convict appellant on

less evidence because he has been shown to be a bad person, which is the rationale for the rule. See *State v. Deschamps*, 105 Ariz. 530, 468 P.2d 383 (1970). Rather, the testimony was relevant to prove appellant's knowledge that insurance pay-offs are made on such merchandise. It therefore comes within the "inclusionary" segment of rule 404, permitting evidence of prior acts that tend to prove knowledge, plan, motive, etc.

The presumptive term for this offense, a class 5 felony, is two years. The court sentenced Passarelli to 2.5 years, based on his prior criminal record and the lack of any legitimate community employment or service. Appellant contends that these circumstances do not justify the aggravation of sentence. He also argues that his youth (he was 30) and his injury during the accident should have been referred to by the court to mitigate the sentence.

A.R.S. § 13–702(D)(9) allows the court to consider any factors it "may deem appropriate to the ends of justice" to aggravate a sentence. Appellant's two prior felony and several misdemeanor convictions certainly support the court's decision on the aggravation of the sentence.

A.R.S. § 13–702(E)(1) requires the court to take the defendant's age into account in determining whether to mitigate the sentence. The court did consider this factor but did not rely on it. No findings are required where a factor is not relied on. *State v. Winans*, 124 Ariz. 502, 605 P.2d 904 (App.1979). The statute does not expressly require a finding on the injury. The "catch-all" provision, A.R.S. § 13–702(E)(5) ("Any other factors ... appropriate to the ends of justice") cannot be read to mandate mitigation of the sentence because of an injury incurred by the defendant while committing the crime for which he was convicted.

The judgment is affirmed.

HOWARD and BIRDSALL, JJ., concur.