735 P.2d 798

The STATE of Arizona, Appellee,

v.

Michael Eugene ROBINSON, Appellant.

No. 2 CA–CR 3985.

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 17, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Phoenix, for appellee.

Elledge & Kelliher, P.C. by John F. Kelliher, Jr., Tucson, for appellant.

## OPINION

LACAGNINA, Judge.

Michael Eugene Robinson appeals a conviction for two counts of sexual conduct with a minor under 15 years of age and two counts of sexual molestation of a child under 15 years of age involving two victims, five and eight years old, and the imposition of four maximum, consecutive fourteen-year prison terms.

He argues reversible error as follows:

1. The trial court refused to allow Robinson to impeach one victim's testimony by admission of a portion of her previous in-court testimony;

2. The trial court improperly sentenced Robinson to consecutive terms and imposed an excessive sentence; and

3. A.R.S. § 13-1416 is unconstitutional and allows in evidence otherwise inadmissible hearsay statements made by a witness under ten years of age.

We affirm.

### I

### WITNESS' INCONSISTENT STATEMENT PROPERLY EXCLUDED

■ Nicole, a five-year-old victim, took the stand during the first trial and attempted to answer questions for over an hour before being excused by the trial court. The court in Robinson's second trial properly excluded portions of Nicole's in-court statements made during the first trial, which were sought to be admitted as prior inconsistent statements. The inconsistencies, which concerned whether or not she had been poked with a pencil in her genitals, were admitted through several other witnesses. In addition, with otherwise overwhelming evidence against Robinson the statements would not have altered the verdict, *State v. Hensley,* 137 Ariz. 80, 669 P.2d 58 (1983), and the error, if any, is harmless.

The trial court agreed with the judge in the first trial (resulting in a hung jury) that Nicole's testimony was unreliable and of no assistance to the jury. See Rule 403, Rules

of Evidence, 17A A.R.S. Finally, the entire transcript should have been admitted, if any at all was admitted, in order to complete the picture. Rule 106, Rules of Evidence, 17A A.R.S.; *see State v. Passarelli,* 130 Ariz. 360, 636 P.2d 138 (App.1981).

### II

### CONSECUTIVE SENTENCES WERE PROPER AND NOT EXCESSIVE

Under the provisions of A.R.S. § 13-708, the trial court may impose consecutive sentences, provided that it sets forth its reasons. In sentencing Robinson the trial court listed the following aggravating factors:

1. Lack of remorse.

2. Physical and emotional trauma to the victims.

3. Perjury.

4. Poor prognosis for rehabilitation.

5. Betrayal of trust (of mother, who left her child with Robinson for babysitting, and of Robinson's wife and her daughter, one of the victims).

■ The court was well within its discretion in its imposition of the sentences. They were not excessive. Robinson was not entitled to concurrent sentences. *See State v. Nelson,* 131 Ariz. 150, 639 P.2d 340 (App.1981).

### III

### A.R.S. § 13-1416 CONSTITUTIONAL

A. *Introduction.*

Section A of the statute provides for admission of the minor's otherwise inadmissible statement describing a sexual offense or physical abuse, if the court finds, in camera, some indicia of reliability. In addition, the minor must testify or, if found by the court to be unavailable, the statement may be admitted only if the court finds corroborative evidence of the statement.

B. *No Equal Protection Violation.*

■ The minor sexual victim testimony act applies to all victims of sexual abuse

under ten years of age, a class definition rationally related to a legitimate state purpose. *See Arizona Downs v. Arizona Horsemen's Foundation,* 130 Ariz. 550, 637 P.2d 1053 (1981). A child abuse victim's statements often provide the only proof of the act without physical evidence or witnesses other than the abuser, who is frequently a relative or acquaintance. In addition, statements given close to the time of the event are more accurate, and such testimony by children is usually not fabricated. *See State v. Reidhead,* 146 Ariz. 314, 705 P.2d 1365 (App.1985) (dissenting opinion at 1371).

We hold that the protection of young child abuse victims is a legitimate state purpose, and that in order to achieve that purpose, the classification is reasonable. *State v. Kelly,* 111 Ariz. 181, 526 P.2d 720 (1974), *cert. denied,* 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975).

## C. *No Sixth Amendment Violation.*

■ Finally, we hold that Robinson's right to counsel[1] and/or right to confront his accusers was not violated. The use of hearsay statements against the accused does not violate the Confrontation Clause when a witness is unavailable and his statements have "adequate indicia of reliability." *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Since the statute requires the trial court to make specific determinations as to both unavailability and reliability, we find the statute constitutional on its face.

■ In applying the statute to Robinson, the court first determined the witness, although competent, was unavailable under Rule 804(a)(4) because of an existing mental illness or infirmity, i.e., the trauma resulting from sexual abuse. The court heard expert testimony indicating that Nicole would be uncommunicative if asked about the assault, might give inconsistent statements and also exhibited specific characteristics of a sexually abused child. The

trial court also reviewed court records indicating Nicole's previous unsuccessful attempts at live and videotaped testimony.

As a reviewing court, we will defer to the trial judge's wide discretion in his decision regarding the competency of child witnesses. *See State v. Jerousek,* 121 Ariz. 420, 590 P.2d 1366 (1979); M. Udall and J. Livermore, Law of Evidence § 65 at 117–18 (2d ed. 1982). In this case, his decision was supported by the record, and we affirm that decision.

The state's "good faith effort" to produce the witnesses, an element necessary to establish unavailability, is borne out by the availability of the eight-year-old victim, Cari, for videotaped testimony, and also by the prosecutor's unsuccessful attempts to have Nicole testify in the first trial. Whether a "good faith effort" has been made is a determination left to the sound discretion of the trial court. *See State v. Edwards,* 136 Ariz. 177, 665 P.2d 59 (1983). We find no abuse of that discretion.

■ The court further found that the victim's statement had "sufficient indicia of reliability," *Ohio v. Roberts, supra,* based on the circumstances surrounding the making of the statements, and its finding that the people testifying as to Nicole's statements had no motive to fabricate or lie. The court also found corroboration of the statements. We agree.

Nicole's out-of-court statements were offered through her two babysitters, her therapist, her mother and a family practice doctor, who testified as follows. On the morning of August 22, 1984, Nicole complained to her mother that her "pee" (vagina) hurt. Her mother saw blood on her panties and took her to the doctor. She initially told her mother and the doctor that she had been poked with a pencil. The doctor examined Nicole and found a bruise the size of a nickel on her labia minora and a tear at the bottom of her vaginal opening. The doctor testified that her vaginal injuries were inconsistent with having been

---

1. Robinson's right to counsel argument is without merit. Nothing in the definition of an "in camera" proceeding (such as that available under A.R.S. § 13–1416 to determine the reliability of the out-of-court statements) precludes the presence of defense counsel. In this case, Robinson and his attorney were present.

caused by a pencil, but were consistent with simulated intercourse.

Later that day, Nicole told one of her babysitters that she went to the doctor because Cari "poked a pencil up her butt." She also drew pictures for the babysitter which she said were (1) a "weenie" with white stuff coming out and (2) a picture of herself where Robinson was going to play a game with her, with "pee coming out," and a picture of Robinson.[2] Two days later, when the doctor was taking a culture from Nicole's mouth, she volunteered that Robinson had put his "weenie" in her mouth.

Nicole's therapist began seeing her a week after the above events occurred and testified as a specialist in treating abused and neglected children. She said that Nicole exhibited specific behavior consistent with a child who had been sexually molested and diagnosed her condition as "post-traumatic stress disorder, acute." The trial court also admitted her testimony that Nicole had told her Robinson molested her as part of the basis for her diagnosis of that condition.

Finally, a babysitter who began taking care of Nicole on August 23 testified that on September 18 Nicole came in crying hysterically because someone asked her to open her mouth and take something out. She said she would not open her mouth because of what "Mike" Robinson had done. When asked, she said, "He put his thing in my mouth."

Statements made by Nicole connecting Robinson with the molests were not preceded by leading questions and were repeated by several witnesses, with no apparent motive to lie. In most instances, they were made spontaneously and close in time to the event, and at the first opportunity. That was sufficient for the trial court to allow their admission. We find no constitu-

tional error. *See State v. Ryan,* 103 Wash.2d 165, 691 P.2d 197 (1984) (interpreting statute with language identical to A.R.S. § 13–1416); *see also United States v. Nick,* 604 F.2d 1199 (9th Cir.1979).

Affirmed.

LIVERMORE, P.J., and HOWARD, J., concur.

---

2. The above statements would not be admissible as recognized hearsay exceptions under Rule 803(4) (statements for purposes of a medical diagnosis) or Rule 803(2) (excited utterance/fresh complaint). The statements did not tend to explain the injury or offer medical history or symptoms pertinent to a diagnosis. Nor did the statements occur close in time to the event, while Nicole "was under the stress of excitement caused by the event or conditions," without intervening actions, so as to guarantee their trustworthiness. *See State v. Ritchey,* 107 Ariz. 552, 490 P.2d 558 (1971) (statement by six year old 25 minutes later); *State v. Bauer,* 146 Ariz. 134, 704 P.2d 264 (App.1985) (statement by two-and-one-half year old 45 minutes later).